**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.R.**

**No. 23-34** (Monongalia County 21-JA-124)

**MEMORANDUM DECISION**

Petitioner Mother D.C.[1] appeals the Circuit Court of Monongalia County's December 15, 2022, order terminating her parental rights to K.R.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2021, the DHS filed an abuse and neglect petition alleging that petitioner had abused and/or neglected her child due to substance abuse that negatively impacted her ability to parent. These allegations were based, in part, upon petitioner's granddaughter[3] ingesting fentanyl while in petitioner's care, which resulted in the child requiring medical care. During the DHS's investigation, petitioner admitted to using Zoloft and Xanax without a valid prescription.

In January 2022, petitioner stipulated to her substance abuse that negatively affected her ability to safely and appropriately parent her child and to lack of supervision in her home that led to injury, constituting neglect. The circuit court then adjudicated petitioner as an abusive and

---

[1]Petitioner appears by counsel Andrew C. Cook. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Diane D. Michael appears as the child's guardian ad litem ("the guardian").

Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Although the factual basis for the DHS's allegations against petitioner included the incident involving the granddaughter, the court took no action against petitioner in relation that that child. That child is, accordingly, not at issue on appeal.

neglectful parent. Following adjudication, petitioner was granted a six-month post-adjudicatory improvement period in February 2022.

In April 2022, the circuit court held a review hearing for petitioner's improvement period. Evidence presented at the hearing showed that petitioner had not attended any substance abuse treatment; was not participating in services; and was failing drug screens, including testing positive for fentanyl at least eleven times in February and March 2022. Based on this evidence, the circuit court revoked petitioner's improvement period and set the matter for disposition. However, the court directed the DHS to resend referrals for services to give petitioner an opportunity to participate in services prior to the next hearing. Petitioner then began participating in services and drug screening, and the circuit court, following the guardian's recommendation, granted petitioner an extension to her post-adjudicatory improvement period by order entered July 26, 2022.

In August 2022, the court held a hearing to review petitioner's improvement period. Evidence presented showed that petitioner tested positive for fentanyl on July 25, 2022, and tested positive for fentanyl, opioids, and methamphetamine on August 8, 2022. Additionally, petitioner had not yet attended any drug treatment, and the court emphasized the importance of attending treatment and remaining drug-free. The court held a final review hearing in October 2022, in which the evidence showed that petitioner was continuing to test positive for fentanyl and had only just been accepted into an outpatient drug rehabilitation program, set to begin the next week. During the hearing, the court stressed that petitioner could not test positive for substances before the disposition hearing.

The court proceeded to disposition in November 2022, where the DHS worker testified that, throughout the case, petitioner has not acknowledged her use of fentanyl and that, since the last hearing in October 2022, petitioner tested positive for fentanyl three times. The circuit court found that petitioner would not be able to remedy the issues that led to the filing of the petitioner in the near and distant future, given that petitioner was unable to remain sober and continued to deny her drug use and relapse, minimized the deficiencies in her parenting, and failed to complete substance abuse treatment during her improvement period. The court further found that termination of petitioner's parental rights was necessary for the welfare of the child. Accordingly, the court terminated petitioner's parental rights to the child.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that circuit court erred by terminating her parental rights because she had remedied the issues that led to the filing of the petition by remedying her drug use. Upon our review, we find no error.

According to petitioner, although she continued to test positive for fentanyl throughout the proceedings, the levels produced in her later screens were not sufficient to have impaired her and

---

[4]The permanency plan for the child is legal guardianship or adoption in her kinship placement.

did not reflect active use. Petitioner argues that this renders the court's finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect erroneous, because West Virginia Code § 49-4-604(d)(1) requires such use to be "to the extent that proper parenting skills have been seriously impaired." However, this argument is entirely without merit, as the court was free to base this finding on any number of circumstances set forth in West Virginia Code § 49-4-604(d); the list of circumstances where there is no reasonable likelihood conditions can be corrected is clearly non-exhaustive.

Broadly, West Virginia Code § 49-4-604(d) defines "[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected" to mean "that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Additionally, there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected where the parent has not followed through with a reasonable family case plan and other rehabilitative efforts. W. Va. Code § 49-4-604(d)(3). Here, the record is replete with evidence supporting a finding that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect and failed to comply with the terms of the family case plan. This case began because a child in petitioner's care became injured after ingesting fentanyl, the very same drug for which petitioner consistently tested positive throughout the case. Petitioner's argument regarding her fentanyl levels ignores that petitioner also tested positive for opioids and methamphetamine use during the case. Further, petitioner continues to deny her abuse of fentanyl even to this Court, and we have explained that "[f]ailure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted).

Despite the court stressing several times the importance of petitioner completing substance abuse treatment and remaining drug-free, petitioner did not complete substance abuse treatment and continued to test positive for substances up to the disposition hearing. Because the court had ample evidence upon which to base the findings necessary for termination of petitioner's parental rights, we find no error in the court's decision. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 15, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn